OPINION of the court, by
Ch. J. Boyle.
This •was an action of assumpsit i the defendant pleaded non assumpsit, and the statute of limitations : issue was joined upon the first plea, and to the second the plaintiff replied in substance, “ that the promise in the decía-ration mentioned was made in the county of Louisa and state of Virginia, the then place of residence of the defendant’s testator ; that bis said testator afterwards, to wit, on the-day of ——⅛- 1787, and within five years next after the said promise, removed himself from the said county of Louisa into the county of Fay-ette, whereby he prevented the plaintiff from bringing; i ■ • • V p r ■ aii i • • iv-ins suit m the county of Louisa. And the plaintiff avers that since the said promise he hath always resided in the county of Louisa in the state of Virginia, without the limits of this commonwealth, until the - — - day of December 1807, when the said plaintiff saith he first came to Kentucky, and that he did within less than five )⅞⅜⅛ then next thereafter commence this suit ; which lie is ready to verify,” &c.
To this replication there was a general demurrer, upon: which judgment was given for the defendant, and the plaintiff has brought the cause to this court by writ of error.
By the 8th section of the act of limitations, if the plaintiff be out of the country at the time when the cause of action accrued, he is allowed the liberty of bringing his action, provided he shall do so within the *208 time limited for such action, after he shall have returned from without the country. In this respect our statute is in substance the same as the ¿I Jac:. 1, from which ours was originally taken. In the construction of that statute, it has been held that if the plaintiff be abroad or beyond sea at the time when the cause of action accrues, the statute will not run against him till his return to the country — 2 Stra. 836. And if the plaintiff be a foreigner, and do not come to England for many years after the cause of action arises, he still has six years after coming to the country to bring his action ; and if he never comes to England himself, he has always a right of action while he lives abroad, and sc have his executors or administrators after his death— 3 Wils. Rep. 145, 2 Blac. Rep. 723.
If a similar construction of our statute be correct, of which we have but little doubt, the plaintiff in this case has brought himself within the provision of the 8 th section before alluded to, by shewing that he was without the limits of this commonwealth when the cause of action accrued, and that in less than five years after his coming to the country he commenced this suit. Had the plaintiff in his replication confined himself to the averment of these facts only, the case would have admitted of no difficulty : but he has done more ; he has shewn that the contract was made in the state of Virginia, and that both parties continued to reside in that state for more than five years after the cause of action acciued. It becomes material, therefore, to inquire hour far the law of Virginia ought to influence the decision of this question.
With respect to the nature and construction of contracts, and the rights and obligations of parties arising out of them, the principle is well settled, that the law oi the place where the contracts were made is to govern , but with regard to the remedy, the principle is equally well established, that the law of the country where the contract is sought to be enforced, ought to be the rule of decision.
The statute of limitations does not affect the validity of the contract, but the time of enforcing it: or, in other words, it does not destroy the right but withholds the remedy. It would seem to follow, therefore, that the lex fori, and not the lex loci was to prevail with respect *209 o the time when the action should be coriameoced. We are not aware of any decision in the English books upon this point, but the very circumstance that no case is to be Sound in which the limitation of a foreign law has been pleaded in the courts of England, strongly proves that it is in that country deemed an inadmissible de* fence. In Karne’s Priti- Ecu 567, it is laid down asan incontrovertible rule that the limitation of the country where the action is brought, and not that of any other country, ought to govern, “ in our decisions upon that head, (says the author, speaking of Scotland) the caséis commonly stated as if the question were, whether a foreign prescription or that of our own country ought to be the rule. This never ought tobe made a question; for our own prescription must be the rule in every case that falls under it, and not that of any other country.” •
In the case of Nash vs. Tapper, 1 New York Term Rep, p. 402, it was held by the supreme court for the state of New-York, that the statute of limitations of that state, and not that of a sister state, should govern with respect to the time of bringing an action upon ⅜ contract made in the sister State,
We do not , líe tK se books as direct authority in this country, nor arc *h to be so received, but regarding them merely as con.ainirtg the opinions oí enlightened *ien, we feel ourselves fortified by them in the adoption oí a rule which we believes to be correct.
We are therefore of opinion that our own statute, and not that of Virginia, ought to be the rule of decision in this case.
It is therefore considered by the court that the judgment of the circuit court be reversed ; that the cause be remanded to said court, and that the defendant have leave, if he should taove therefor, to withdraw his demurrer and rejoin to the plaintiff’s replication ; (a) but if he shall not do so, that judgment shall be entered apon the demurrer for the plaintiff, and that other’proceedings he had therein not inconsistent with the lore-going opinion. Judgment for costs in this court as in other cases against executors.

 fa Hanamini^m. Alexander^ vol. *» P» ⅜3>